UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jeremy R. Edington, | ) | CASE NO. 4:13cv0129 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| Warden F.C.I. Elkton, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* petitioner Jeremy R. Edington's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institute at Elkton, Ohio, claims the Respondent is unfairly denying him access to email communication. He seeks an Order allowing him to email his authorized contacts "without discrimination."

BACKGROUND

On July 10, 2010, a criminal complaint was filed against Petitioner in the United States District Court for Southern District of Ohio. *United States v. Edington*, No. 2:10CR0335, (S.D. Ohio)(Sargus, J.) The court later issued a three-count indictment charging Petitioner with Coercion and Enticement (Count 1) in violation of 18 U.S.C. § 2422(b), Receipt of Visual Depictions (Counts 2) in violation of 18 U.S.C. § 2252(A)(2) and (B)(1), and Possession of Visual Depictions (Count 3) in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.* (Doc. No. 27). A superseding indictment was filed on June 30, 2011, that added two counts of Receipt of Visual Depictions (Counts 2-4) in violation of 18

1

U.S.C. § 2252(A)(2) and (B)(1) and Possession of Visual Depictions (Count 5) in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.* (Doc. No. 74).

A jury found Petitioner guilty on all Counts of the superseding indictment. Judge Sargus sentenced Petitioner to 120 months on Count 1; a concurrent 60month sentence on Counts 2, 3, and 4, and a consecutive sentence of 36 Months on Count 5 at the completion of his sentences for Counts 1-4.

Once Petitioner was incarcerated at F.C.I. Elkton, his Unit Team met on March 13, 2012, to consider his eligibility for email access through the Bureau of Prisons' (BOP) Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging System. Because Petitioner's offense involved computer abuse in furtherance of criminal activity, he was denied email access. The following month, Petitioner filed a Request for Administrative Remedy complaining that his email access was improperly denied because it was based on the prison's incorrect assumption that he was convicted of a computer related sex crime. Petitioner argued that his crime was not committed through email, but instead involved "computer chat." As such, he believed he was at least entitled to email access to his approved visitors. On the same date Petitioner submitted his request, F.C.I. Elkton staff responded. The request was denied and staff cited Program Statement (PS) § 5265.13, <u>Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging System,</u> as justification for its decision. The relevant program statement authorizes the BOP to limit or deny prisoners access to TRULINCS when it determines that its use "would threaten the safety, security, or orderly running of the institution or the protection of the public and staff." (Doc. 1-3, at 1).

Petitioner's subsequent appeals to the warden and BOP Regional Director were also denied. The warden explained, in part, that Petitioner used instant messaging to "engage[] in chats with a 14-year old boy for the purpose of engaging in sexual acts." (Doc. 1-5, at 1). In addition, the Regional

2

Director noted that Petitioner posted an on-line advertisement in a network of on-line communities to engage in sexual activity.

On appeal to the General Counsel, Petitioner's unit manager advised him to consider the appeal denied because a response was to not received within the prescribed time frame. Having fully exhausted his administrative remedies, Petitioner filed the above-captioned case.

Petitioner now raises the following three grounds for relief: (1) the BOP has "granular control" over the TRULINC messaging system, therefore his access would not pose a threat; (2) there are no "parallels" to email and the offense for which he was convicted; (3) and the denial is discriminatory based on his sexual orientation and crime.

With respect to his first ground, Petitioner argues the BOP should permit him to email his approved list of contacts. These are the same individuals with whom he corresponds by regular post and the prison does not monitor those communications as closely as it could monitor his email.

In support of his second ground, Petitioner maintains that his crime involved contact with random individuals. Conversely, TRULINC would clearly allow the prison to restrict all communication to individuals the prison already authorized him to contact. He argues, further, that other prisoners who have offenses involving computer abuse to further criminal activity are permitted to use TRULINCS. Therefore, he concludes the prison's decision to deny him access is simply discriminatory.

Finally, in his third ground for relief Petitioner states discrimination "may be occurring due to my sexual orientation [and] to mete out more punishment for my alleged offense." (Doc. No. 1, at 7). No other facts are alleged in support of this theory, however.

STANDARD OF REVIEW

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson*

3

471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied,* 400 U.S. 906 (1970)). Therefore, if "'it appears from the application that the applicant or person detained is not entitled [to relief] thereto,'" the petition will be dismissed. *See* 28 U.S.C. § 2243(citation omitted).

## DISCUSSION

The federal habeas statute provides, in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). While this Court has personal jurisdiction over the Petition, it lacks subject matter jurisdiction for the reasons stated below.

## LACK OF SUBJECT MATTER JURISDICTION

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the case. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (internal quotation marks omitted)). Without jurisdiction, a court cannot proceed at all in any cause, "jurisdiction is power to declare law, and when it ceases to exist, the only function remaining for the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (citation omitted).

4

Petitioner argues he is being subjected to conditions of confinement that violate his Constitutional rights. This type of claim may not be brought under 28 U.S.C. § 2241, which is reserved for challenges to the execution of a sentence, such as the computation of parole or sentence credits, and may not be used to challenge the validity of a conviction or the conditions of one's confinement. *See Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). When a prisoner challenges the conditions of his or her confinement but not the fact or length of his custody, the proper mechanism is a civil rights action under 42 U.S.C. § 1983 or *Bivens*.[1] *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (holding that the district court should dismiss the § 2241 claim without prejudice so the state petitioner could re-file as a § 1983 claim); *Sullivan v. United States*, 90 Fed.Appx. 862, 863 (6th Cir. 2004) (construing conditions-of-confinement claims as properly brought in a civil action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). To date, the Sixth Circuit has consistently supported dismissal of these claims without prejudice. *Luedtke v. Berkebile*, 704 F.3d 465 (6th Cir. 2013) ( district court properly dismissed petitioner's claims because § 2241 is not the proper vehicle for a prisoner to challenge conditions of confinement). Nowhere in his pleading does Petitioner demonstrate any entitlement to challenge the conditions of his confinement in a § 2241 habeas petition. Therefore, I cannot find that he is entitled to habeas relief.

## CONCLUSION

Based on the foregoing, the Petition is **dismissed** pursuant to 28 U.S.C. § 2243 for lack of subject matter jurisdiction, but without prejudice to file a civil rights action. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

---

[1] In *Bivens*, the Supreme Court recognized in the United States Constitution itself an implicit damages cause of action against individual federal officials for violations of constitutional rights. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

5

**So Ordered**.

                                         s/Jeffrey J. Helmick
                                         *United States District Judge*